MAX N. TOBIAS, Jr., Judge.
CThe relator, Eddie Triplett, seeks review of the trial court’s judgment denying his motion to correct an illegal sentence in light of La. R.S. 15:308, as amended by Louisiana Acts 2006, No. 45. La. R.S. 15:308 declared that Louisiana Acts 2001, No. 403 should be applied retroactively. For the following reasons, we affirm.
On 22 October 1998, a jury found the relator guilty of possession of cocaine, a violation of La. R.S. 40:967. He was subsequently adjudicated a fourth felony offender pursuant to La. R.S. 15:529.1 and sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence. This court affirmed his conviction and sentence in an unpublished opinion. State v. Triplett, 00-0620, unpub. (La.App. 4 Cir. 1/17/01), 786 So.2d 980, writ denied, 01-0654 (La.1/12/02), 816 So.2d 865.
The gravamen of the dispute is whether the trial court had jurisdiction to review and reduce the relator’s sentence pursuant to La. R.S. 15:308, as amended by Louisiana Act 2006, No. 45.
12In State v. Dick, 06-2223, 06-2226 (La.1/26/07), 951 So.2d 124, the Louisiana Supreme Court held that the exclusive remedy of an offender (such as Mr. Triplett) for relief under La. R.S. 15:308 is before the Louisiana Risk Review Board[1] and not before the district court, because in effect the offender is seeking a commutation of sentence; commutation of a sentence falls exclusively, pursuant to the Louisiana Constitution, to the executive branch of government.[2] Id. at p. 2, 951 So.2d at 126. The Louisiana Risk Review Board falls within the executive branch of government.
The trial court did not err in refusing to grant the relator relief pursuant to La. R.S. 15:308. The judgment sentencing Mr. Triplett to life imprisonment without the benefit of probation, parole, or suspension of sentence was a final, definitive judgment over which the trial court had no jurisdiction to modify under La. R.S. 15:308.
Therefore, we grant the relator’s application for a supervisory writ of review, but affirm the trial court’s judgment denying him relief.

SUPERVISORY WRIT GRANTED; JUDGMENT AFFIRMED.

LOMBARD, J., concurs.

. See La. R.S. 15:574.22 and La. R.S. 15:477.22 A.

. The decision also specifically reversed this court’s decision in State v. Smith, 06-1212, unpub. (La.App. 4 Cir. 9/8/06).